**IT IS ORDERED as set forth below:**

**Date: January 6, 2020**

_Wendy L. Hagenau_

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-57871-WLH |
| SHEILA KAY JOHNSON, | CHAPTER 13 |
| Debtor. | |

## ORDER GRANTING IN PART AND DENYING IN PART
## DEBTOR'S MOTION TO REQUEST REOPENING OF CHAPTER 13 CASE

**THIS MATTER** is before the Court on Debtor's Motion to Request Reopening of Chapter 13 Case (the "Motion") (Doc. No. 41).   The Chapter 13 Trustee filed a response in opposition to the Motion.   The Court held a hearing on the Motion on January 6, 2020, during which Debtor, Debtor's counsel Stan Kakol, and counsel for the Chapter 13 Trustee, Ryan Williams, were

1

present.

Debtor filed for relief under chapter 13 of the Bankruptcy Code on May 20, 2019.   Debtor has a long history of seeking bankruptcy relief.   This is the Debtor's sixth case.

Debtor filed case number 14-61153 on June 5, 2014.   The Chapter 13 Trustee filed several objections to confirmation and the case was dismissed prior to confirmation on December 19, 2014.

Debtor filed a second chapter 13 case, case number 14-75019, on December 24, 2014. The case was dismissed on May 24, 2015 prior to confirmation.

Debtor filed a chapter 7 case, case number 15-59784, on May 27, 2015.   The case was closed without discharge on February 1, 2016.

On September 7, 2016, Debtor filed chapter 13 case number 16-65813.   The Debtor filed a chapter 13 plan, which was confirmed on February 21, 2017.   Debtor partially performed according to the terms of the plan but ultimately the Chapter 13 Trustee filed a motion to dismiss case.   The Court held a hearing on the motion, and it appeared the Debtor was in material default with respect to provisions of the confirmed plan.   Accordingly, the case was dismissed on May 18, 2018.

On September 28, 2019, Debtor filed another chapter 13 case, case number 18-66317.   The case was dismissed prior to confirmation on March 8, 2019.

Debtor filed the above-styled chapter 13 case on May 20, 2019.   On October 2, 2019, the Court held a hearing on confirmation of the Debtor's proposed chapter 13 plan and the Trustee's Motion to Dismiss with Prejudice.   Debtor's counsel appeared and represented that the Debtor had the necessary funds to cure the outstanding $700 delinquency in plan payments (2 months)

and would make the required payment.   The Chapter 13 Trustee accepted counsel's proffer and

agreed to put the case on a ten-day status to determine whether the Debtor had provided her 2018

tax return.   If not, the Trustee's counsel and Debtor's counsel agreed the case would be dismissed

with prejudice as to Chapter 13 for a period of 180 days.   The Debtor filed an affidavit regarding

her tax returns on October 4, 2019 (Doc. No. 31), stating she was not required to file a 2018 tax

return, thereby satisfying the requirement regarding tax returns.   Meanwhile, the Debtor

attempted to submit the payment for $700.00 (which was a condition to the Chapter 13 Trustee's

agreement) through the Chapter 13 Trustee's electronic payment system, but the payment was

returned for insufficient funds.   On October 8, 2019, the Chapter 13 Trustee notified the Debtor

and Debtor's counsel the payment had been returned for insufficient funds and a failure to replace

the funds could result in dismissal of the case.   Debtor stated at the hearing that she received the

Trustee's notice and knew the payment had bounced.   By October 22, 2019, the Trustee had not

received the payment so she filed a supplemental report stating the payment was not received, the

Debtor was now delinquent $1,050.00, and the Chapter 13 Trustee recommended dismissal of the

case with prejudice.   The Court entered an order dismissing the case with prejudice on October

22, 2019 (Doc. No. 36) (the "Dismissal Order").

More than two months later, on December 26, 2019, Debtor filed the Motion.   Debtor

seeks reconsideration of the Dismissal Order.   While courts have the authority to alter or amend

previously entered judgments, motions for reconsideration serve the limited function of correcting

manifest errors of law or fact.   In re Ionosphere Clubs, Inc., 103 B.R. 501, 503 (Bankr. S.D.N.Y.

1989).   Such motions should not be used to raise arguments that could have been raised before

the subject judgment was issued, O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992), and

motions for reconsideration cannot be used to relitigate issues previously decided.    In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999).    Further, "[m]otions for reconsideration shall not be filed as a matter of routine practice"; a party should file a motion to reconsider only when he "believes it is absolutely necessary."    BLR 9023-1.

Under Bankruptcy Rule 9023, motions to reconsider must be filed within 14 days of entry of the judgment.    See State of Fla. Dept. of Rev. v. Brandt (In re Southeast Bank Corp.), 97 F.3d 476, 478 (11th Cir. 1996).    Plaintiff's request is not timely under Bankruptcy Rule 9023, so it must proceed under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60.    Garcia v. Rushmore Loan Mgmt. Servs. (In re Garcia), Nos. 15-10374 BKT, 16-00094, 2017 WL 2062866, at *1 (Bankr. D.P.R. May 12, 2017).    The request to reconsider the dismissal must be denied, however, because it fails to set forth any cognizable grounds for relief under Fed. R. Civ. P. 60.

Federal Rule of Civil Procedure 60(b), made applicable to this case by Federal Rule of Bankruptcy Procedure 9024, permits relief from a final judgment, order, or proceeding in certain circumstances.    Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.    The decision to alter or amend a judgment is highly discretionary.    Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985).    Rule 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding.    The rule provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." Matter of E.C. Bishop & Son, Inc., 32 B.R. 534 , 536 (Bankr. W.D. Mo. 1983) (quoting Title v. U.S., 263 F.2d 28 , 31 (9th Cir. 1959)).

Debtor has not established a basis under Rule 60(b)(1) – (6) for setting aside the portion of the Dismissal Order dismissing the case. Rule 60(b)(1) provides a court may set aside a final order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The standard for setting aside a default judgment for excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993) (ruling that inadvertence, mistake, or carelessness can constitute excusable neglect). The dismissal of the case was not a mistake or a surprise. Debtor's payment was returned for insufficient funds and she knew it. She took no action to remedy the situation despite written notice from the Trustee, so her actions were not inadvertent.

For purposes of Rule 60(b), neglect is understood to encompass situations involving negligence. Id. The determination as to whether a particular instance of neglect will be considered "excusable" is an equitable one turning on "all relevant circumstances surrounding the party's omission." Id. at 395. Debtor did not act quickly to vacate the Dismissal Order. She knew her case was dismissed because her counsel contacted her and she received the dismissal order in the mail. Still, she waited more than two months after the case was dismissed to file the

Motion.   Further, she has still not paid the delinquent balance owed for her chapter 13 plan, and additional sums would be due for the months of November - January.   In addition, the relief sought by Defendant would be prejudicial to Debtor's creditors, including the mortgage creditor who has noticed Debtor's real property for an upcoming foreclosure sale.   Debtor has had ample time and opportunity to challenge the dismissal and pay the plan payments due in this case and has failed to do so.

Further, Debtor has not pointed to any evidence and she has not presented any new evidence or information that, if proved true, would lead to judgment in her favor or alleged any fraud, misrepresentation, or misconduct by an opposing party that would warrant reconsideration under Rule 60(b)(2) or (b)(3).   While she contends her attorney "abandoned" her, that allegation is hotly disputed and, ultimately, the proper prosecution of her case is her responsibility.   See In re Cavendish, 608 B.R. 802 (Bankr. E.D. Mich. 2019).

Debtor has not established a basis under Rule 60(b)(4) to reinstate her case because the Dismissal Order is not void.   The concept of a void judgment is narrowly construed.   "A judgment is not void . . . simply because it is or may have been erroneous. . . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."   United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (cites omitted).   The Dismissal Order is not based on any jurisdictional error as the Court had jurisdiction under 28 U.S.C. § 157.   The Debtor was not deprived of due process and was given ample opportunity to remedy the bounced payment and cure the delinquency in plan payments but failed to do so.   Thus, the judgment is not void.

6

No basis exists for setting aside the dismissal in the Dismissal Order under Rule 60(b)(5). Most often, Rule 60(b)(5) arises in the context of "institutional reform litigation" or prospective injunctions where the prospective actions are "reviewed for inequitable application because of changed circumstances." Lee v. Marvel Enters., Inc., 765 F.Supp. 2d 440 , 451 (S.D. N.Y. 2011). Here, the Dismissal Order has not been satisfied, released or discharged. It was not based on any earlier judgment that has been reversed or vacated.

The Debtor has not articulated any basis that justifies relief under Rule 60(b)(6) as to dismissal of her case. This section affords the Court some discretion to address issues raised by the parties that necessitate the setting aside of a prior order or judgment. However, it is not meant to supersede the requirements of Rule 60(b)(1) through (5) . In other words, a Rule 60(b)(6) motion must be based on some reason other than those stated in clauses (1)-(5). Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133; see also Pioneer, 507 U.S. at 393. The relief available under Rule 60(b)(6) is limited and is meant "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). To justify relief under Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393 (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988)). The circumstances here are not extraordinary as to the dismissal of the case.

Finally, the Dismissal Order prohibited the Debtor from refiling a chapter 13 bankruptcy case within 180 days. The Chapter 13 Trustee filed a motion to dismiss the case and specifically sought a 180-day bar to refiling. The announcement of Trustee's counsel and Debtor's counsel was that the case could be dismissed with prejudice if Debtor failed to satisfy all requirements.

The Chapter 13 Trustee's supplemental report again requested dismissal with prejudice.   The Debtor was given notice that the Chapter 13 Trustee sought a bar to refiling as part of the dismissal process, and she did not oppose the relief requested.   Accordingly, the Dismissal Order rendered the Debtor ineligible to be a Debtor in a chapter 13 case for a period of 180 days.

The Dismissal Order was based on 11 U.S.C. § 109(g)(1) which states "no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . ."  11 U.S.C. § 109(g)(1).   Section 109(g)(1) prohibits refiling by a debtor who has "willfully" failed to abide by order of the court or to appear before the court to prosecute the case. The court must look to the circumstances of the particular case to determine willfulness.   A mere failure to make a payment under a chapter 13 plan or failure to appear at the first meeting or a court hearing, will not, in itself, be sufficient to sustain a finding of willful conduct under this subsection.   In re Nelkovski, 46 B.R. 542, 544 (Bankr. N.D. Ill. 1985).

The Court finds relief is warranted under Rule 60(b)(6) as to the dismissal with prejudice. Given the proffer by Debtor and Debtor's counsel, it appears that dismissal was based on the Debtor's failure to pay rather than on her failure to prosecute the chapter 13 case as a whole. Debtor failed to make the required plan payments to the Chapter 13 Trustee, but she did not otherwise willfully fail to abide by the Court's orders.   While the Debtor has a long history of bankruptcy filings, the Trustee sought dismissal with prejudice pursuant to 109(g), under which the Court must consider the Debtor's conduct in a particular case rather than the debtor's history of filings and dismissals.   Therefore, the Court finds grounds exist to modify the Dismissal Order

8

prohibiting the Debtor from refiling the case within 180 days of its dismissal.

Accordingly, for the reasons stated on the record and above, which the Court reserves the right to supplement,

**IT IS ORDERED** that the Motion be and is hereby **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Dismissal Order is **VACATED IN PART** and modified to provide for dismissal of the case without prejudice.   The Debtor is not barred from refiling a chapter 13 case for a period of 180 days.

The Clerk's Office is directed to serve a copy of this Order upon Debtor, Debtor's counsel, the Chapter 13 Trustee, and the case mailing matrix.

**END OF DOCUMENT**